**The court incorporates by reference in this paragraph and adopts as
the findings and orders of this court the document set forth below.
This document was signed electronically on March 06, 2008, which
may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 06, 2008**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-17417 |
| | ) | |
| DENNIS M. BLETSCH, JR., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

Before the Court are the objection by Mortgage Electronic Registration System, Inc. (MERS) to confirmation of the debtor's Chapter 13 plan (Docket #19) and the debtor's objection to claim #2 filed by MERS (Docket #22). At issue is the preclusive effect of a default judgment entered against MERS in an Ohio state court foreclosure proceeding. For the reasons that follow, MERS's objection to confirmation is sustained, and the debtor's objection to claim is overruled.

---

[1] This memorandum of opinion is not intended for official publication.

## JURISDICTION

The allowance of disallowance of a claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKRGOUND

The following facts are not in dispute. On April 3, 2007, Wells Fargo initiated an action to foreclose on its lien against real property located at 1276 Hird Avenue, Lakewood, Ohio. *Wells Fargo v. Bletsch*, Cuyahoga County Court of Common Pleas, Case No. CV-07-620543. Mortgage Electronic Registration System, Inc. (MERS) was listed as a defendant in that case. On June 28, 2007, the common pleas court issued a default judgment ordering that MERS and the other defaulting defendants, including Dennis Bletsch, "are forever barred from asserting any right, title or interest in the premises." According to the court's docket, a sherriff's sale on the property was set for October 1, 2007.

On September 30, 2007, the debtor, Dennis Bletsch, filed the above-captioned Chapter 13 case, thereby staying the foreclosure sale. On

October 9, 2007, the debtor filed a Chapter 13 plan that failed to list MERS as a secured creditor. (Docket #9). On November 27, 2007, MERS filed an objection claiming it had a secured claim which was not listed in the plan. (Docket #19). On December 19, 2007, the debtor filed an objection to MERS's claim arguing that as a result of the default judgment MERS had no secured claim against the debtor's estate. (Docket #22). On January 24, 2008, MERS filed a response in opposition. (Docket #26). Both parties filed additional responses to each other's arguments. On February 21, 2008, the Court heard oral argument, and the parties agreed to have the Court rule on the filings before it.

## DISCUSSION

Resolution of MERS's objection to confirmation and the debtor's objection to MERS's claim both hinge upon the preclusive effect of the June 28, 2007, default judgment entered by the Cuyahoga County Court of Common Pleas.

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion principles apply to bankruptcy proceedings to prevent relitigation of issues that were already decided in a state court. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)

3

(deciding that collateral estoppel principles apply in discharge exception proceedings).

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See* 470 U.S. at 374. Accordingly, in this case the Court will apply Ohio's law on issue preclusion to the Ohio court's judgment against MERS. *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

Under Ohio law, the doctrine of issue preclusion,

> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*In re Fordu,* 201 F.3d at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183, 637 N.E.2d 917, 923 (1994)); *accord In re Sweeney*, 276 B.R. 186 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Rebarchek*, 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (same).

4

In this case, the critical question is whether an issue can be considered "actually and directly litigated" in a prior suit when the party against whom the judgment was rendered did not answer or otherwise appear in the prior suit. Ohio case law on the preclusive effect of such a default judgment is sparse. In *In re Sweeney*, the Bankruptcy Appellate Panel for the Sixth Circuit reviewed the handful of Ohio cases on the subject and concluded that while a default judgment may have preclusive effect in Ohio "as to an issue that was the subject of an 'express adjudication,' . . . an unanswered complaint and the default judgment based on it do not, by themselves, constitute an express adjudication." 276 B.R. at 193.

Recent decisions by the Ohio Supreme Court have either favorably cited or expressly adopted the Restatement's rules on issue and claim preclusion. *See State v. Williams*, 76 Ohio St. 3d 290, 295 (1996) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1980)); *Grava v. Parkman Township*, 73 Ohio St. 3d, 379, 382 (1995) (adopting RESTATEMENT (SECOND) OF JUDGMENTS §§ 24-25 (1982)). Therefore, the Court believes that, were the Ohio Supreme Court to pass directly on the question, it would adopt the Restatement's view that a default judgment generally does not have issue preclusive effect. Section 27 of the Restatement (Second) of Judgments states:

5

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Comment e of section 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Cf. Fleet Consumer Disc. Co. v. Graves (In re Graves)*, 33 F.3d 242 (3d Cir. 1994) (concluding that Pennsylvania courts would follow comment e of Restatement § 27 and not give issue preclusive effect to a default judgment); *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." (applying federal common law pre-*Marrese*)).

In the present case, the common pleas court's default judgment entry contains some *pro forma* findings which it states were based upon the complaint, answer by the State of Ohio, the plaintiff's motion for default judgment, and the evidence before the court. The court did not state what evidence was before it. In *Sweeney*, the state court had held a hearing on the default judgment, at which the plaintiffs presented three witnesses. The hearing transcript was 57 pages long, and the

6

*Sweeney* court still refused to give issue preclusive effect to the state court judgment. As the *Sweeney* court noted,

> When all is said and done, the court's *pro forma* recitation may have meant nothing more than that the court was satisfied from the evidence that the *damages* it was awarding were appropriate in amount, assuming that the Debtor was liable due to the default nature of the hearing.
> . . . .
> [W]e can never know whether the court awarded damages based on the evidence presented or merely on the defendant's default, as it was entitled to do.

276 B.R. at 194-95 (emphasis in original).

In the present case, the Court cannot be certain, based on the judgment entry, that the relevant issues were "actually litigated" and are thus entitled to issue preclusive effect. Indeed, it appears that the only reason the state court judgment provides for the defaulting defendants, including MERS, to be barred from asserting any right, title, or interest in the premises is that these defendants "are in default of an Answer." Judgment (June 28, 2007), at p. 1. Neither the state court nor the debtor has suggested any reason aside from the default why MERS's mortgage interest should be unenforceable, for example, because it was satisfied, not properly perfected, or not signed by the debtor. This illustrates the wisdom of the Restatement rule. Issues may be *pleaded* in a default judgment, but they are never actually litigated so long as the court can base its judgment upon the defendant's

7

default. Therefore, the Court finds that the common pleas court judgment does not preclude MERS from asserting a secured interest in the debtor's estate. Accordingly, Mortgage Electronic Registration System, Inc.'s objection to confirmation (Docket #19) is sustained, and the debtor's objection to claim (Docket #22) is overruled.

## CONCLUSION

For the foregoing reasons, Mortgage Electronic Registration System, Inc.'s objection to confirmation (Docket #19) is sustained, and the debtor's objection to claim (Docket #22) is overruled. The debtor shall filed an amended Chapter 13 plan on or before **March 31, 2008,** or the Chapter 13 case will be dismissed for failure to propose a confirmable plan pursuant to 11 U.S.C. § 1307(c). If an amended Chapter 13 plan is timely filed, the Court will hold a hearing on confirmation on **May 1, 2008, at 1:00 p.m.**

IT IS SO ORDERED.